UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERKADIA COMMERCIAL
MORTGAGE, LLC,

       Plaintiff,                                        Case No. 11-cv-15251
                                                                 HON. BERNARD A. FRIEDMAN
vs.

KINGS LANE LIMITED DIVIDEND
HOUSING ASSOCIATION LIMITED
PARTNERSHIP, et al.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF
JUDGMENT AND SALE OF PROPERTY**

Before the Court is plaintiff's motion for entry of judgment and sale of property [docket entry 35]. Both the limited partners of Kings Lane Limited Dividend Housing Association Limited Partnership ("the limited partners"), acting in a derivative capacity, and S&S Builders ("S&S") filed separate responses thereto [docket entries 36 and 37]. Plaintiff filed replies to address each of the response papers individually [docket entries 38 and 39]. The Court will rule on plaintiff's motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2).

The Court finds that the objections to the entry of judgment and sale of property advanced by the limited partners and S&S are not persuasive. To the extent that the limited partners and S&S maintain that S&S's construction lien claim remains pending, the Court notes that it already disposed of this claim by order dated November 7, 2012 [docket entry 82] in the related matter of S&S Builders, Inc. v. Kings Lane Limited Dividend Housing Association

Limited Partnership, Case No. 11-cv-13659.  Furthermore, the foreclosure and sale of the property does not implicate the limited partners' derivative action against Kings Lane Limited Dividend Housing Association Limited Partnership ("Kings Lane") as their plea in intervention solely seeks money damages and declaratory relief against the intervention defendants, not title to the property.  The limited partners also contend that Michigan law should govern the foreclosure proceedings as opposed to federal law.  Since plaintiff "has no objection to importing the Michigan procedures into the foreclosure sale [proceedings]," this issue is rendered moot.  Similarly, although plaintiff believes that any mention of redemption in the Court's ruling would be premature, it ultimately "has no objection to providing for redemption in accordance with Michigan law" and the Court sees no reason to exclude such a provision from this order.

Insofar as S&S argues that plaintiff's motion should be denied because it intends to appeal the Court's decision with respect to its construction lien claim, S&S is more than welcome to interpose a motion to stay the foreclosure proceedings after it files a timely notice of appeal.  Additionally, the sale of the property will in no way hinder S&S from pursuing its unsecured contractual claims against Kings Lane for money damages.

Accordingly,

IT IS ORDERED that plaintiff's motion for entry of judgment and sale of property is granted.

IT IS FURTHER ORDERED that plaintiff shall advertise the time and place of the public sale once a week for six consecutive weeks pursuant to Michigan law and all provisions therein.

The advertisement shall also contain a description of the property and identify the terms and conditions of the sale.

IT IS FURTHER ORDERED that until the Court confirms the foreclosure sale, any and all proceeds of the sale shall be retained by the United States Marshal, or his or her designee conducting the sale.

IT IS FURTHER ORDERED that in the event the limited partners do not purchase the property at the foreclosure sale, they will, nonetheless, be entitled to redeem the property pursuant to Michigan law.

IT IS FURTHER ORDERED that following the foreclosure sale, plaintiff shall apply to the Court for confirmation of the sale and for instructions regarding the distribution of the sale proceeds, if any.


Dated: January 28, 2013          s/ Bernard A. Friedman
                                 BERNARD A. FRIEDMAN
                                 SENIOR UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of this document was sent to parities of record on January 28, 2013, electronically or by U.S. mail.

                                 s/ Michael Williams
                                 Relief Case Manager for the Honorable
                                 Bernard A. Friedman